**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ERNEST C. KEGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-04-1353-C |
| | ) |
| CORRECTIONS CORPORATION | ) |
| OF AMERICA, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Now before the Court is a Motion to Reconsider filed by Plaintiff Ernest C. Kegley (Kegley), a prisoner proceeding *pro se* and *in forma pauperis*.* Kegley moves the Court to reconsider the dismissal without prejudice of his action for failure to exhaust administrative remedies. He believes that his action would not have been dismissed if Magistrate Judge Bana Roberts had read and understood the documents attached to his amended complaint which describe the Arizona Department of Corrections' policies for exhausting administrative remedies.

The Federal Rules of Civil Procedure do not recognize a motion to reconsider; instead, the Rules allow a motion to alter or amend judgment under Rule 59(e) or a motion seeking relief from a judgment or order under Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1992). Kegley's motion cannot be considered one for relief under Rule

---

* The facts and procedural posture of this action were well-discussed in Magistrate Judge Bana Roberts' Report and Recommendation. (Dkt. No. 31.) No beneficial purpose would be served by their repetition here.

59(e) as he filed it more than ten days after the Court's July 26, 2005, entry of judgment; therefore, the Court construes Kegley's motion as one for relief under Rule 60(b). See id.; Rule 59(e).

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). Here, the Magistrate Judge previously considered and correctly rejected the evidence and the argument Kegley proffers in his motion. (Report and Recommendation, Dkt. No. 31, at 3-6.) Moreover, even though the Court construes Kegley's motion liberally, he fails to set forth any argument of fact or law for the proper application of any of the five subsections contained in Rule 60(b). The Court finds that Kegley has failed to allege exceptional circumstances sufficient to receive Rule 60(b)'s extraordinary relief. As a result, Kegley's Motion to Reconsider [Dkt. No. 35] is **DENIED**.

IT IS SO ORDERED this 26th day of October, 2005.

ROBIN J. CAUTHRON
United States District Judge